### No. 1,341.

### EDGAR MARIN vs. W. E. SATTERFIELD.

The attorney in fact of a seizing creditor in a litigation has no right or authority in law to dispose, at private sale, and without any order of court, of the property of the seized debtor, coming in his possession by a release bond from judicial sequestration.

For such an act he is liable in damages, the measure of which is the value of the property thus sold. But in the absence of malice no punitory damages will be allowed.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Mouton, J.*

Marin vs. Satterfield.

*Felix Voorhies* for Plaintiff and Appellee.

*T. D. Foster* for Defendant and Appellant:

1. Assertions and opinions of witnesses, based on no circumstance or data, cannot be considered nor accepted as proof of facts, nor of the existence of facts; they, therefore, cannot form a criterion or guide as to the value of a thing on which an estimate is placed. H. D. Hennen's Digest, page 559, XVI (d) 3, No. 8, and authorities cited. Especially is this true when it is shown that the witnesses were entirely ignorant of the value of such things about which they were expressing an opinion.

2. The opinion of two witnesses as to the value of certain property for the purpose of showing that plaintiff has suffered damages in a certain amount is of no weight, when neither states any fact on which his opinion is based. 11 R., p. 92.

3. In an action for the recovery of actual damages, which presupposes some loss, the plain- tiff must establish the loss by preponderance of evidence, and the same must be clear, cer- tain and absolute. It is not sufficient to make it merely probable. Hennen's Digest, p. 524. XIII, Nos. 1, 2, 3; 16 Ann. p. 121, Ibid 151; 21 Ann. p. 185; 15 Ann. p. 268; Ibid 447.

4. When no injury or loss is shown to have been suffered by the act complained of, no dam- ages can be awarded. It is *dammum absque injuria.*

5. Only actual and direct loss can be considered in suits for the recovery of actual damages; and they can only be commensurate to the actual loss proven to have been suffered. 1 Howard, p. 35; 1 Ann. p. 375; Sedgwick, vol. 1, 7th ed., pp. 103 and 343.

6. No vindictive or exemplary damages are allowed, unless it is shown from the motive of the party and without probable cause that the intention was to injure, harass or oppress. 9th R., p. 94, bottom of page and authorities cited in brief.

7. When the action is not sustained on the main charge, in the instant case, the value of the things and the actual damages, the matters of aggravation incidental to it, such as vindic- tive and exemplary damages, fall with it, even admitting the plaintiff was entitled to ex- emplary damages. Greenleaf, vol. 2. sec. 273.

Attorney's fees are not allowed in cases of this kind. Sedgwick, vol. 1, 7th ed., pp. 45, 179, 181; 35 Ann., p. 1018 and authorities referred to in brief.

The opinion of the Court was delivered by

POCHÉ, J.  Plaintiff seeks to recover the value of certain movable property of his, illegally sold by the defendant while it was in his pos- session, as the agent of creditors of the defendant who had caused a judicial sequestration of the same, and he also asks punitory damages in a large amount for defendant's illegal acts in the premises.

The following are the pertinent facts which gave rise to this litigation :

In January of 1888, the commercial firm of E. Nalle & Co. instituted a suit for debt against the planting partnership of Marin & Durand, of which plaintiff was a member, and caused the sequestration of some movable property, a portion of which was owned individually by Marin, and another portion belonging to the partnership.

In that proceeding the seizing creditors were represented by the de- fendant, Satterfield, under a power of attorney vesting him with all the powers necessary to the collection of the debt by judicial process.

After the expiration of the delay, during which Marin could have bonded the sequestered property, on his failure to do so, the defendant, Satterfield, as agent of the seizing creditors, furnished a bond releasing from sequestration the individual property of Marin, and the remainder which belonged to the copartnership. He then disposed of all that property at private sale, without an order of court, and before judgment had been rendered in favor of his principals, to whom he remitted the proceeds of the property sold by him.

The judgment of the district court was in favor of plaintiff in the sum of $531 65. Defendant appeals and plaintiff prays for a large increase of the amount allowed him below.

The justification offered for his acts by defendant, in his answer and in his testimony, is to the effect that he acted under legal advice, with the object of saving unavoidable costs for keeping the property during a protracted litigation; and for the further reason that the sequestered property, consisting of household furniture, of corn, of cotton in bales and cotton in seed, and of poultry, was of a perishable nature, which might have been entirely lost or materially damaged pending the litigation, and that the property had actually brought higher prices than the appraisement made at the time of the sequestration. Hence he contends that plaintiff suffered no actual damages through and by the sale thus made, as the Nalle & Co. suit was finally decided in their favor, and that ultimately, the proceeds of plaintiff's property would have gone to his creditors.

But in thus contending, defendant and the counsel who thus directed him, seem to have entirely ignored the remedy which the law provides for the precise state of things which he invokes as his justification for taking the law in his own hands, and for selling as his own, or as belonging to his principals, property which he held under the mandate of the law, and which had not yet ceased to be the lawful property of the seized debtor.

He had no more power and authority to offer that property for sale in the manner that it was done, than he would have had to levy on it in the possession of the owner, without authority or process of law.

And to suggest to the owner now that the proceeds of his property were applied by the defendant to the part payment of the former's debts is not a justification in law, or a lawful accounting therefor.

Hence it follows that the defendant is liable to plaintiff for the value of the latter's property thus illegally disposed of. And we therefore uphold the district judge in his conclusions on this point, and in the allow-

ance which he made for plaintiff's share in the partnership property, the sum of $131 65.

The record shows that this amount was half of the proceeds realized for that property, which was sold for its full market value.

But we find that he erred in allowing $200 for the household furniture. It was sold for $100, and the evidence shows that it was not worth one dollar more.

He also erred in allowing $200 as punitory damages.

The evidence is overwhelming in support of the conclusion that defendant's conduct was not wanton or malicious. It was simply the result of an erroneous idea of his powers, under the misleading advice of his counsel at the time.

Hence he should not be punished for an honest error of judgment. We hold that he cannot be condemned to exemplary damages, and that the allowance on that score must be rejected.

It is, therefore, ordered that the judgment appealed from be amended, as follows:

1. By rejecting the claim for punitory damages, for which $200 had been allowed below.

2. By reducing the allowance for the value of the household furniture from $200 to $100. And it is now ordered that the judgment as thus amended, and thus reduced to $231 65, be affirmed on plaintiff's costs on appeal.